**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STAW-KWEE-AW L. FLINN,**
by and through **KIM R. FLINN,**

Plaintiff,

v. Case No: 8:26-cv-02738-WFJ-NHA

**POLK COUNTY SHERIFF'S OFFICE,**

Defendant.
_______________________________/

**ORDER**

Before the Court is Plaintiff Staw-Kwee-Aw's Emergency Motions to Stay Proceedings, Dkts. 5, 6, and "Emergency Combined Motion for Appointment of Next Friend, Appointment of Counsel, and Stay Proceedings Pursuant to *Wallace v. Kato*," Dkt. 7. United States Magistrate Judge Natalie H. Adams issued a report and recommendation that Plaintiff's Motions be denied without prejudice and that Plaintiff be granted an additional thirty days to retain counsel and file a valid complaint. Dkt. 11. The Report and Recommendation is deemed unopposed, as no objections have been filed and the time for doing so has passed. *See* Local Rule 3.01(d).

"[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per

curiam) (citation omitted); *see* 28 U.S.C. § 636(b)(1). If a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). However, if no such objections are filed, the district court reviews the factual findings of the report and recommendation for "clear error," but reviews its legal conclusions de novo. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *see also Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019) (citing *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994)).

The Magistrate Judge correctly found that because Kim R. Flinn is not an attorney, she may not represent Plaintiff in this action. *See, e.g., Alonso v. Pub. Health Tr. of Miami-Dade Cnty.*, No. 22-14133, 2023 WL 5955117, at *4 n.2 (11th Cir. Sept. 13, 2023). As stated in the Report and Recommendation, nothing about *Younger v. Harris*, 401 U.S. 37 (1971) or *Heck v. Humphrey*, 512 U.S. 477 (1994) prevents counsel from appearing in this case, filing a valid complaint, and then, if warranted, moving to stay the proceedings.

As such, having performed an independent review of the file, and for the sound reasons explained in the Report and Recommendation, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation, Dkt. 11, is **ADOPTED, CONFIRMED,** and **APPROVED** in all respects and made a part of this order.
2. Plaintiff's Emergency Motions, Dkts. 5, 6, 7, are **DENIED** without prejudice.
3. Plaintiff's Complaint, Dkt. 1, is **DISMISSED** without prejudice.
4. Plaintiff is **GRANTED** an additional thirty days (until November 23, 2026) to retain counsel. Plaintiff is warned that, failure to do so will result in the case being closed without further notice.

**DONE AND ORDERED** at Tampa, Florida, on October 23, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**

Plaintiff, *pro se*